1  EUGENE J. EGAN (State Bar No. 130108)
   PAUL HANNA (State Bar No. 222012)
2  MANNING & MARDER
   KASS, ELLROD, RAMIREZ LLP
3  15th Floor at 801 Tower
   801 South Figueroa Street
4  Los Angeles, CA 90017
   Telephone: (213) 624-6900
5  Facsimile:  (213) 624-6999

6  Attorneys for Defendant TARGET CORPORATION,

7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10  IRMA HERNANDEZ, an individual, and   )   USDC CASE NO.: CV10-2249 AHM
    ADRIANA HERNANDEZ, an individual,    )   (RZx)
11                                       )
                                         )   LASC CASE NO.: BC432379
12              Plaintiffs,              )
                                         )
13      v.                               )   **[PROPOSED] ORDER RE**
                                         )   **STIPULATED PROTECTIVE**
14  TARGET CORPORATION, a Minnesota      )   **ORDER**
    Corporation and DOES 1 through 10,   )
15                                       )
                                         )
16              Defendants.              )   **Complaint Filed: 2/23/10**
    _____     )   **Trial Date:        3/1/11**
17

18              NOTE: CHANGES HAVE BEEN
19              MADE TO THIS DOCUMENT

20

21      IT IS HEREBY ORDERED, by the undersigned Judge of the District Court of

22  the Central District of California, under the terms of the stipulation executed by the

23  attorneys for the respective parties, that with regard to material disclosed in the course

24  of the above-captioned lawsuit ("Lawsuit") which constitutes or contains trade secrets

25  or other confidential research, development or commercial information of the parties

26  ("Confidential Material"), the following procedures shall govern:

27      1.      This Order is meant to encompass all forms of disclosure which may

28  contain Confidential Material, including all documents, pleadings, motions, exhibits,

HERNANDEZ CV10-716 Prop Prot Ord.wpd                -1-

**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**

declarations, affidavits, deposition transcripts, inspection reports, and all other tangible items (electronic media, photographs, videocassettes, etc.)  For purposes of this Stipulated Protective Order, Confidential Material ~~shall include, but~~ is ~~not~~ limited to documents specifically defined as follows, and to subjects covered in those documents:

- *Assets Protection  AP Directives, effective 09-01-2007;*
- *Guard Service Common Post Orders, updated April 2007;*
- *Assets Protection Job Description Core Roles, effective 2008;*
- *Nonviolent Intervention Certification Instructor Workbook, rev. 03/08*

2.     The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials ("Confidential").  If any material has multiple pages, this designation need only be placed on the first page of such material.  Any material designated as "Confidential" shall not be disclosed to any person or entity except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3.     Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4.     Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order.  The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5.     Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material.  Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to:

**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**

(1) the identity of any person given Confidential Material, and (2) the identity of the
Confidential Material so disseminated (such as by "Bates stamp" number).  Such
record shall be made available to the designating party upon request.

///

6.      If additional persons become parties to this Lawsuit, they shall not have
access to any Confidential Material until they execute and file with the Court their
written agreement to be bound by the terms of this Order.

7.      In the event that any question is asked at a deposition that calls for the
disclosure of Confidential Material, the witness shall answer such question (unless
otherwise instructed not to do so on grounds of privilege) provided that the only
persons in attendance at the deposition are persons who are qualified to receive such
information pursuant to this Order.  Deposition testimony may be designated as
confidential following the testimony having been given provided that:  (1) such
testimony is identified and designated on the record at the deposition, or (2)
non-designating counsel is notified of the designation in writing within thirty days
after receipt by the designating party of the respective deposition transcript.  All
deposition transcripts in their entirety shall be treated in the interim as "Confidential"
pursuant to paragraph 2 above.  When Confidential Material is incorporated in a
deposition transcript, the party designating such information confidential shall make
arrangements with the court reporter not to disclose any information except in
accordance with the terms of this Order.

8.      If a deponent refuses to execute a Confidentiality Agreement, disclosure
of Confidential Material during the deposition shall not constitute a waiver of
confidentiality. Under such circumstances, the witness shall sign the original
deposition transcript in the presence of the court reporter and no copy of the transcript
or exhibits shall be given to the deponent.

9.      ~~With respect to any communications to the Court, including any~~
~~pleadings, motions or other papers, all documents containing Confidential Material~~

-3-

**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**

1   ~~shall be communicated to the Court in a sealed envelope or other appropriate sealed~~

2   ~~container on which shall be written the caption of this Lawsuit, an indication of the~~

3   ~~nature of the contents of the sealed envelope or container, and the words~~

4   ~~"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." All~~

5   ~~communications shall indicate clearly which portions are designated to be~~

6   ~~"Confidential." Any communications containing Confidential Material shall be~~

7   ~~returned to the submitting party upon termination of this Lawsuit (whether by~~

8   ~~dismissal or final judgment.)~~

9   ~~10.   The Clerk of the Court is directed to maintain all communications~~

10  ~~received by the Court pursuant to paragraph 9 above under seal. All such~~

11  ~~communications shall be maintained in the Court's file in a sealed envelope or other~~

12  ~~appropriate sealed container on which shall be written the caption of this Lawsuit, an~~

13  ~~indication of the nature of the contents of the sealed envelope or container, and the~~

14  ~~following statement: "Enclosed are confidential materials filed in this case pursuant to~~

15  ~~a Protective Order entered by the Court, and the contents shall not be examined except~~

16  ~~pursuant to further order of the Court."~~

17  The parties shall follow the Local Rules in connection with the submission of

18  any documents that they desire to have placed under seal.

19      11.   If a non-designating party is subpoenaed or ordered to produce

20  Confidential Material by another court or administrative agency, such party shall

21  promptly notify the designating party of the pending subpoena or order ~~and shall not~~

22  ~~produce any Confidential Material until~~ promptly to give the designating party ~~has~~

23  ~~had~~ reasonable time to object or otherwise take appropriate steps to protect such

24  Confidential Material.

25      12.   If a party believes that any Confidential Material does not contain

26  confidential information, it may contest the applicability of this Order to such

27  information by notifying the designating party's counsel in writing and identifying the

28  information contested. The parties shall have thirty days after such notice to meet and

HERNANDEZ CV10-716 Prot Prot Ord.wpd

-4-

**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**

confer and attempt to resolve the issue.  If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information.  Information that is subject to a dispute as to whether it  is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

///

13.    Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure.  At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14.    This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15.    When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to ~~the Court and~~ all counsel of record.

16.    Within thirty days after the termination of this Lawsuit (whether by dismissal of final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party.  In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order.  Such a representation fully contemplates that returning counsel has:  (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to

**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**

1    disseminating counsel.

2        17.    After the termination of this Lawsuit, the provisions of this Order shall

3    continue to be binding and this Court shall retain jurisdiction over the parties and any

4    other person who has access to documents and information produced pursuant to this

5    Order for the sole purpose of enforcement of  its provisions.

6

7        Notwithstanding any other provision of this Order, this Order shall not govern

8    in connection with dispositive motions, or at trial.  Any protection desired during

9    those proceedings must be sought separately from the judicial officer who will preside

10   over those proceedings.  *See Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d

11   1122 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th

12   Cir. 2006).

13   **IT IS ORDERED.**

14

15   DATED: July 14, 2010       _____

16                              **UNITED STATES MAGISTRATE JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**

1

**CERTIFICATE OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

2

3      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

4

5      On July 7, 2010, I served the document described as **[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

6

7      Eugene Rome, Esq.
Rome & Associates
1801 Century Park East, Suite 475

8      Los Angeles, CA 90067
1999-32912

9      P: 310-282-0690; F: 310-282-0691
**Attorney for Plaintiffs**

10      **IRMA HERNANDEZ & ADRIANA HERNANDEZ**

11      ☒      **(BY MAIL)**  I caused such envelope to be deposited in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I

12      placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of

13      collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage

14      thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed

15      invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17      ☐      **(BY OVERNIGHT COURIER)**:  I placed the above-referenced document(s) in (an) envelope(s) designated by the express service carrier (UPS) for

18      overnight delivery, addressed as indicated above.  I delivered said UPS envelope to the personnel of our mail room.  I am "readily familiar" with the

19      firm's practice of collecting and processing documents intended for UPS overnight delivery.  Under that practice, after the document is delivered to the

20      firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or

21      is delivered to an authorized courier or driver authorized by the express service carrier to receive documents, for overnight delivery.

22      ☐      **(BY FACSIMILE)**  I telecopied such document to the offices of the addressee at the following fax number:   .

23

24      ☐      **(BY PERSONAL SERVICE)**   I delivered such envelope by hand to the offices of the addressee.

25      ☒      **(FEDERAL)**  I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

26

27      Executed on July 7, 2010, at Los Angeles, California.

28

_____

Brenda Leonardo

**[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER**